## Frank Roeder, Defendant in Error, v. Kenmore Manufacturing Company, Plaintiff in Error.

## Gen. No. 17,703.

SALES—*evidence of warranty.* *Held,* that the evidence justified a finding that defendant agreed to return to plaintiff money paid for an automobile if it was not satisfactory, that its acceptance was conditional, that the car was not as represented, and that there was a breach of implied warranty.

Error to the Municipal Court of Chicago; the HON. ISADORE H. HIMES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed June 24, 1913.

WILLIAM A. JENNINGS, for plaintiff in error.

W. A. MORROW, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

The only matters discussed in the brief of plaintiff in error (defendant below) relate to whether there was an implied warranty of the quality of the automobile it sold to plaintiff, and whether the evidence was sufficient to warrant plaintiff's recovery. The former question was not saved for review, as there was no objection to the instructions given nor request for others. As to the latter question we think the evidence was sufficient.

Plaintiff, living near Portage, Wisconsin, ordered an automobile of defendant, a manufacturer of automobiles in Chicago. In his letter ordering it he said, "if for any reason I don't like the car, this bargain is nulled, and the money returned." In the reply thereto defendant said that it would either deliver in Portage and allow ten days for examination, or demonstrate the car in Chicago, and if it was not satisfactory

his deposit therefor, which had been put up in a Chicago bank, would be refunded. A demonstration was had in Chicago, and plaintiff, who was unfamiliar with the car and unable to run it, testified, and the jury evidently believed him, that after the demonstration and before paying for the car he asked the company's agent, its secretary, what assurance he had that the car was "all right," and the reply was that if it was not "all right" defendant would return the money. The agreed purchase price was then turned over, and one of defendant's employes was directed to drive the car for plaintiff to Portage.

Something was wrong about it apparently from the time it started, and one trouble or another developed at different points along the journey. Before reaching the city limits it became necessary to bring the car back to defendant's factory to be examined and prepared for another start on the following day. On the next day new troubles developed and several stops were made on the way. Other troubles appeared on the third day soon after starting, and as they proceeded they had to push the car up slight grades, and finally abandoned it and walked to Stoughton. It was found that new rod bearings would be required, and that it would take two or three days to get them, so plaintiff took a train for Portage. Three days later, in response to a telephone message, he met the driver there only to be informed by the latter that in his effort to drive the car on to Portage another break occurred and he was obliged to haul the machine into a shed. There some of plaintiff's witnesses examined it, and from their testimony it was in a very defective state. The driver declared that it was wrong from the time he started from Chicago, that he so informed his "boss" who insisted that he should go on with it.

Plaintiff refused to accept the car, and demanded the return of his money. Defendant refused to refund it or to receive the car, hence the suit.

We think the evidence fully justified the jury in believing that defendant agreed to return the money if the car was not "all right" or satisfactory, that the acceptance of it was conditional; that it was not delivered in proper condition, and was not as it had been represented, and also from the evidence and instructions, of which there is no complaint, that there was a breach of implied warranty. The judgment will be affirmed.

*Affirmed.*